RANDALL AND BETTY BROWN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 26778-91
United States Tax Court
T.C. Memo 1993-263; 1993 Tax Ct. Memo LEXIS 265; 65 T.C.M. (CCH) 2960; June 15, 1993, Filed *265 Decision will be entered under Rule 155. For pro se: Randall Brown. For respondent: John J. Boyle. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3). [1]
Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1987
$ 2,660
- 0 -
$ 133 [1]
1988
1,099
$ 55 - 0 -
- 0 -
After concessions, [2] the issue is whether petitioners may claim deductions for alleged unreimbursed employee business expenses in a greater amount than *266 that conceded or allowed by respondent for the 1988 taxable year. Petitioners resided in Louisville, Kentucky, when they filed their petition with this Court. Between January 1987 and February 1988, Randall Brown (petitioner) was employed as a manager in the restaurant division *267 of Safety-Kleen Corp. Although Safety-Kleen Corp. establishes a branch operating account for its managers to allow for operating expenses, it does not reimburse managers for expenses in excess of the established allowance. Most of respondent's concessions in this case pertain to the reconciliation of petitioner's branch operating account (as it relates to income and documented expenses) with their joint tax returns. Respondent conceded that petitioner is entitled to claim a $ 601.17 deduction for unreimbursed employee business expenses with respect to his employment for the 1988 taxable year, but refused to allow any greater amount. On Schedule A of their 1988 tax return, petitioner claimed a $ 1,500 deduction for "Prop Fees" and a $ 817 deduction for "comp. Bus. Marketing EXP". Petitioner claims that these items represent allowable additional business expenses. Petitioner, however, could remember neither what the abbreviations meant nor the source of these alleged expenses. Since petitioner failed to introduce any probative evidence to support the claimed deductions, respondent's disallowance of these items must be sustained. Rule 142(a). To reflect our decision and the parties' *268 concessions, Decision will be entered under Rule 155. Footnotes
1. Section references are to the Internal Revenue Code in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on $ 2,660.↩
2. With respect to the 1987 taxable year, respondent concedes that petitioners are entitled to claim deductions for unreimbursed employee business expenses in the amount of $ 7,422.33 and a tax preparation fee in the amount of $ 30.00. For 1988, respondent concedes that petitioners had reimbursed employee business expenses in the amount of $ 4,861.67 and are entitled to claim a deduction for unreimbursed employee business expenses in the amount of $ 601.17. Petitioners claimed a $ 132 credit for child care on their 1988 return. Respondent does not dispute the fact that petitioners are entitled to a credit in some amount for these expenses and the parties agree that the amount of the child care credit is entirely computational. Sec. 21.↩